UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK GARRAWAY,

                         Plaintiff,
v.                                                    **DECISION AND ORDER**
                                                                  12-CV-924S
S. SMITH, SGT. G. BELZ, SGT. PULSIFER,
C.O. M. SHUMAKER, C.O.J. EDGER,
C.O. BRINK, C.O. ERWAY,

                         Defendants.

## I. INTRODUCTION

Plaintiff Mark Garraway, previously *pro se* but now represented by counsel,[1] is a prisoner currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff filed this action seeking relief under 42 U.S.C. § 1983 and the New York State Constitution. On March 31, 2016, this Court granted summary judgment dismissing the action in its entirety. (Docket No. 60). Plaintiff timely appealed that decision to the United States Court of Appeals for the Second Circuit. On August 31, 2017, the Second Circuit affirmed in part, vacated in part, and remanded the action to this Court for consideration in the first instance Plaintiff's due process claim and an Eighth Amendment claim premised on sleep deprivation as to Defendants Shumaker, Edger, Brink, Erway, Belz, Pulsifer and Smith.

Presently before the Court is Defendants' Motion for Judgment on the Pleadings (Docket No. 90) pursuant to Federal Rule of Civil Procedure 12(c). Defendants seek dismissal of the due process claim and the Eighth Amendment sleep deprivation claim.

---
[1] The Court appointed *pro bono* counsel on October 18, 2018. (Docket No. 82).

1

For the following reasons, Defendants' Motion is granted.

## II. BACKGROUND

The Court assumes familiarity with the facts and procedural background. (Docket No. 47-2 (Statement of Undisputed Facts)). Plaintiff filed the original complaint in September 2012, asserting eleven causes of action. Following an initial screening, Plaintiff's claims arising from the First Amendment were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Plaintiff's claims arising from the Eighth Amendment were allowed to go forward. (May 8, 2013 Decision and Order, Docket No. 5). Ten causes of action remained, all relating to Plaintiff's arrival at Southport Correctional Facility ("Southport"), where Plaintiff alleges that he was given an unsanitary mattress. Plaintiff filed an Amended Complaint on November 20, 2013.

On March 31, 2016, this Court granted Defendants' motion for summary judgment in its entirety. (Docket No. 60). As relevant to the instant motion, on the Eighth Amendment conditions of confinement claim, the Court found that while Plaintiff satisfied the objective element of the analysis in that he alleged exposure to unsanitary conditions for a prolonged period of time, he failed to satisfy the subjective element of the analysis which requires a showing that Defendants acted with a culpable state of mind.

Plaintiff timely appealed this Court's grant of summary judgment. (Docket No. 63). On appeal, Plaintiff argued, among other things, that this Court did not address his due process claim and his sleep deprivation claims. (2d Cir. 16-1195, Docket No. 63, at 16). On August 31, 2017, the Second Circuit affirmed in part, vacated in part, and remanded the action to this Court. Specifically, the Second Circuit affirmed this Court's judgment with respect to disposition of the Eighth Amendment claim against the supervisory

2

defendants Sheahan, Evans and Griffin but remanded with respect to the disposition of the Eighth Amendment claim against the remaining defendants (listed in the caption). The Second Circuit also remanded for this Court to consider in the first instance a due process claim and an Eighth Amendment claim premised on sleep deprivation, without expressing any opinion as to the merits of these claims. (Id., Docket No. 97 at 6 (summary order)).

### III. DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under Rule 12(c), "a party is entitled to judgment on the pleadings only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." Bailey v. Pataki, No. 08 Civ. 8563(JSR), 2010 WL 234995, at *1 (S.D.N.Y. Jan.19, 2010).

Given the fact that discovery has been conducted and summary judgment motions have been filed in this case, the Court will not limit its analysis to Plaintiff's Amended Complaint, as Defendants urge it to do. Cf. Joseph v. New York Yankees P'ship, No. 00 CIV. 2275 (SHS), 2000 WL 1559019, at *2 (S.D.N.Y. Oct. 19, 2000) ("Because the parties have submitted affidavits, deposition transcripts and other exhibits, and they have been considered by this Court, the motion must be viewed as one for summary judgment and accordingly will be assessed under the standards applicable to Fed. R. Civ. P. 56."). Accordingly, in deciding Defendants' motion, the Court has considered the Amended Complaint as well as the parties' submissions filed during summary judgment.

**A. Sleep Deprivation**

Defendants move to dismiss any Eighth Amendment claim premised on sleep

deprivation that was remanded by the Second Circuit, arguing that any such allegations are "indistinguishable from [Plaintiff's] primary Eighth Amendment conditions of confinement claim" because both claims are based on the conditions of his mattress. (Docket No. 90-1 at 4). Moreover, Defendants argue that, to the extent the sleep deprivation claim can be considered separately, Plaintiff has failed to establish a constitutional violation on this basis because he does not allege any injury stemming from the sleep deprivation. (Id. at 4-5). In response, Plaintiff does not meaningfully address Defendants' position that the sleep deprivation claim is tethered to his conditions of confinement claim; rather, Plaintiff argues that he has alleged an "additional sleep deprivation claim" premised on the Eighth Amendment. (Docket No. 92-1 at 6-9).

The crux of Plaintiff's Eighth Amendment claim is that prison officials placed him in a cell with a feces-soiled mattress and refused to replace it despite his complaints, thus acting with deliberate indifference to his health—including his ability to sleep. Defendants are correct that the sleep deprivation claim is not a stand-alone Eighth Amendment violation; rather, it is inextricably linked to Plaintiff's core Eighth Amendment conditions of confinement claim.

"To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (internal citation, quotation marks, and alterations omitted); see also Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994)).

"To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Walker, 717 F.3d at 125 (citing Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed.2d 811 (1994)).

In performing an Eighth Amendment conditions of confinement analysis, "court[s] consider[] 'allegations regarding conditions of confinement in the aggregate to determine whether they rise to the level of a constitutional violation.'" Mena v. City of New York, No. 13-CV-2430 RJS, 2014 WL 4652570, at *5 (S.D.N.Y. Sept. 18, 2014) (quoting Walker, 717 F.3d at 125). The Second Circuit's decision in Walker is helpful in illustrating this principle.

In Walker, the Second Circuit found that the Plaintiff plausibly stated an Eighth Amendment violation where he alleged the following:

> [F]or approximately twenty-eight months, he was confined in a cell with five other men, with inadequate space and ventilation, stifling heat in the summer and freezing cold in the winter, <u>unsanitary conditions, including urine and feces splattered on the floor</u>, insufficient cleaning supplies, a mattress too narrow for him to lie on flat, <u>and noisy, crowded conditions that made sleep difficult</u> and placed him at constant risk of violence and serious harm from cellmates.

717 F.3d at 126 (emphasis added). The Second Circuit noted that the Walker Plaintiff sufficiently alleged conditions that "<u>perhaps alone and certainly in combination</u>" amounted to a deprivation of the minimal civilized measure of life's necessities. Id. (emphasis added). There, the Court found a single Eighth Amendment violation on the objective element stemming from Plaintiff's conditions of confinement based on, among other things, sleep deprivation <u>and</u> unsanitary conditions. See id. at 126-27 ("sleep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth

5

Amendment . . . at least one court recently found that the condition of a prisoner's mattress may be so inadequate as to constitute an unconstitutional deprivation").

Plaintiff Garraway's allegations of sleep deprivation and unsanitary conditions are similar to those alleged by the Walker plaintiff. As set forth in his summary judgment papers, Plaintiff alleged unconstitutional sleep deprivation, specifically, that "he was confined [24 hours] a day in solitary confinement, forced to sleep on a wet, urine and fecal stained mattress which made it impossible on regular occasion for him to find sleep: whether on his back, sides, or stomach" "forcing plaintiff to endure many restless nights and days." (Docket No. 56 at 17). In its March 31, 2016 Decision & Order, the Court concluded that Plaintiff satisfied the objective element of the Eighth Amendment conditions of confinement analysis for the purposes of summary judgment. (Docket No. 60 at 9-10). Defendants make clear that they "do not challenge Plaintiff's claim that he suffered sleep deprivation due to" "the conditions of his confinement" but rather that Plaintiff's sleep deprivation claim is part of "a single Eighth Amendment claim." (Docket No. 93 at 2). In that regard, the Court concludes that Plaintiff's sleep deprivation claim is part of his overarching conditions of confinement claim—not a stand-alone violation—and this claim will proceed to trial.

And finally, Defendants alternatively argue that even as a stand-alone claim, Plaintiff has not alleged a sleep deprivation claim because "he does not allege any physical injury resulting from that sleep deprivation." That argument, however, misconstrues the case law because it is <u>the alleged sleep deprivation</u> that is the harm stemming from the constitutional violation (the inadequacy of his mattress). As such, Defendants' alternative argument fails on the merits.

Accordingly, Defendants' motion is granted to the extent that it seeks dismissal of any additional Eighth Amendment claim premised on sleep deprivation because that additional claim falls within the purview of his primary Eighth Amendment claim.

**B. Due Process**

Defendants also move for dismissal of Plaintiff's due process claim. Defendants argue that Plaintiff failed to plausibly allege a procedural due process violation, and that to the extent Plaintiff alleges a <u>substantive</u> due process claim, it is duplicative of his Eighth Amendment conditions of confinement claim and therefore must be dismissed. (Docket No. 90-1 at 5-6). In response, Plaintiff argues that his due process claim is rooted in Defendants' failure to adhere to policies and procedures, such as not providing Plaintiff with a cell condition intake form and not taking action when Plaintiff verbally complained of the conditions of his mattress. (Docket No. 92-1 at 11). In their reply, Defendants argue that an alleged failure to follow prison policy does not amount to a constitutional violation. (Docket No. 93).

Defendants are correct. "[A] Section 1983 claim brought in federal court is not the appropriate forum to raise violations of prison regulations." <u>Rasheen v. Adner</u>, 356 F. Supp. 3d 222, 236 (N.D.N.Y. 2019) (dismissing with prejudice Plaintiff's "claims that defendants violated his constitutional rights when they failed to adhere to DOCCS' Directives and Postal Regulations"); <u>Melendez v. Fischer</u>, No. 13-CV-6231 CJS, 2013 WL 5592497, at *3 (W.D.N.Y. Oct. 10, 2013) ("A violation of a DOCCS Directive, however, does not arise to a violation of constitutional rights sufficient to support a civil rights claim under 42 U.S.C. § 1983."). Accordingly, the due process claim can be dismissed on this ground alone.

However, all of Plaintiff's previous filings—including his Amended Complaint and his summary judgment opposition papers—were filed *pro se*. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (requiring courts to "liberally construe" submission by *pro se* litigants). Liberally construed, they may raise two other potential due process arguments. However, on both the due process claim still fails.

First, Plaintiff argues that Defendants "fail[ed] to bring to this Court['] s attention the [three] sets of rules covering inmate requests and grievances" as well as "a set of prison regulations and rules." (Docket No. 56 at 7). The Court construes this as asserting a due process claim based on "the failure to provide notice of prison rules to inmates," which courts have held "is a violation of due process." Robles v. Coughlin, 725 F.2d 12, 16 (2d Cir. 1996) (collecting cases); Richards v. Fischer, 38 F. Supp. 3d 340, 361 (W.D.N.Y. 2014) ("[F]ailure to provide notice of prison rules to inmates is a violation of due process."). To the extent Plaintiff raises such a due process claim, however, his own assertions in his summary judgment filings defeat a due process claim on this basis. Plaintiff states that he possessed "the rules within the Orientation Manual" and ultimately did file a grievance in October 2011. (Docket No. 56 at 8). Because the evidence and Plaintiff's own assertions show that he possessed the prison rules, any potential due process claim based on failure to provide notice fails.

Second, in his opposition to summary judgment, Plaintiff argued, relying on the Supreme Court's decision in Sandin v. Conner, that his conditions of confinement while in SHU constituted a deprivation of a Liberty Interest and thus violated his due process rights. (Docket No. 56 at 5). Sandin addressed instances where prisoners have complained of their conditions of confinement in Special Housing Units stemming from

8

punishments imposed following a prison disciplinary proceeding. In those circumstances, courts evaluate whether punishments imposed as a result of a disciplinary hearing (i.e., confinement in the SHU) violated some clearly established liberty interest. See Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) ("A prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'") (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995)) (emphasis added); Luna v. Pico, 356 F.3d 481, 487 (2d Cir. 2004) ("It has long been clear that inmates retain due process rights in prison disciplinary hearings. Certain due process protections therefore apply where disciplinary proceedings may lead to the loss of good time credit, or would subject an inmate to solitary confinement in the SHU.").

Fundamentally, though styled as a separate cause of action, Plaintiff's alleged due process violation complains of the same conduct underlying his conditions of confinement claim brought under the Eighth Amendment which will proceed to trial. To be clear, for convicted prisoners, such as Plaintiff, conditions of confinement claims are brought appropriately under the Eighth Amendment; pretrial detainees, however, must use the Due Process Clause of the Fourteenth Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment."); Thompson v. Carlsen, No. 08-CV-0965, 2010 WL 3584409, at *12 (N.D.N.Y. Aug. 16, 2010), report and recommendation adopted, No. 08-CV-965, 2010 WL 3584396 (N.D.N.Y. Sept. 7, 2010)) ("Plaintiff alleges that all of the defendants violated his due process and equal protection

rights by subjecting him to or not protecting him from harsh conditions of confinement based on his status as a convicted felon, a Hispanic and minority person, and a low-income adult. Plaintiff's conclusory due process allegations essentially duplicate the Eighth Amendment claims that this court has already considered, and need not be addressed separately.").

Defendants' motion is therefore granted as to Plaintiff's due process claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion (Docket No. 90) is granted. In the event this case is not resolved by mediation, the sole remaining Eighth Amendment conditions of confinement claim against Defendants Shumaker, Edger, Brink, Erway, Belz, Pulsifer and Smith will proceed to trial at a date to be set by the Court.


SO ORDERED.

Dated: May 16, 2019
Buffalo, New York

                                                    /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                 United States District Judge