UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK GARRAWAY,

                Plaintiff,

v.                                        **DECISION AND ORDER**
                                                             12-CV-924S

SHARON SMITH, ET AL.,

                Defendants.

On January 30, 2020, this Court dismissed all remaining claims in this civil rights action for failure to exhaust administrative remedies. See Garraway v. Smith, 12-CV-924S, 2020 WL 491328 (W.D.N.Y. Jan. 30, 2020). Now before this Court is Plaintiff Mark Garraway's Motion for Extension of Time to File Notice of Appeal, pursuant to Rule 4 (a)(5) of the Federal Rules of Appellate Procedure. (Docket No. 148.) Defendants oppose the motion. Because this Court finds that Garraway has not demonstrated excusable neglect for his failure to file a timely appeal, his motion is denied.

With certain exceptions not applicable here, a notice of appeal in a civil case must be filed with the district court within 30 days after entry of the judgment or order appealed from. See 28 U.S.C. § 2107 (a); see also Fed. R. App. P. 4 (a)(1)(A). The Clerk of Court entered judgment here on February 10, 2020, 11 days after this Court's decision dismissing the remaining claims. (Docket No. 143.) Garraway's deadline to file his notice of appeal was therefore March 11, 2020, but he did not appeal.

1

Rather, on March 20, 2020, Garraway filed the instant motion to extend his time to file a notice of appeal. He contends that three circumstances involving his lawyer caused him to miss his appeal deadline: (1) his post-judgment attorney-client relationship was uncertain; (2) his lawyer had difficulty communicating with him because of his incarceration; and (3) his lawyer was ill for a portion of the appeal period. None of these reasons is persuasive.

"The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed." Mendes Junior Int'l Co. v. Banco Do Brasil, S.A., 215 F.3d 306, 312 (2d Cir. 2000). By statute, "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107 (c). Under the coordinating rule, a district court is authorized to extend a party's time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4 (a) expires," and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4 (a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4 (a)(5)(A). In either case, no extension "may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4 (a)(5)(C). If a party fails to move for an extension within the 30-day period following the deadline for filing a notice of appeal, the court lacks jurisdiction to grant the motion. Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994); Mulligan v. Griffin, No. 6:15-CV-06502-MAT, 2017 WL 491683, at *1 (W.D.N.Y. Feb. 7, 2017) (quoting Cohen v. Empire Blue

Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam)).

The Advisory Committee Notes to Rule 4 explain how the excusable neglect and good cause standards apply:

> The good cause and excusable neglect standards have "different domains." See Lorenzen v. Employees Retirement Plan, 896 F.32d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4 (a)(5)(A)(ii) advisory committee's note to 2002 amendment; see also Al-Qadaffi v. Servs. for the Underserved, No. 13 Civ. 8193 (WHP), 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015).

Given the nature of the reasons for Garraway's failure to file a timely notice of appeal, this Court finds that the excusable neglect standard applies. Four factors inform whether excusable neglect exists: "(1) the danger of prejudice to the [non-movant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 365-66 (2d Cir. 2003) (applying the excusable neglect standard set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) to motion to extend time to file notice of appeal under Fed. R. App. P. 4 (a)). In assessing whether neglect is excusable, a plaintiff's lawyer's neglect is

3

attributable to the plaintiff, resulting in the need to consider both the plaintiff's and the plaintiff's counsel's actions. See Pioneer, 507 U.S. at 397.

The first two factors inherently favor the moving party because "'delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4 (a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal.'" Silivanch, 333 F.3d at 366 (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)). Absence of good faith is also rarely an issue. See id.

The focus of the Pioneer factors is therefore on the third one—the reason for the delay, including whether it was within the reasonable control of the movant. See id. In this regard, the Second Circuit has explained that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 366-67 (internal quotations and citations omitted).

Applying the Pioneer factors, this Court finds that Garraway has failed to demonstrate excusable neglect. The prejudice and delay here are slight, which is ordinarily the case, and there is an absence of bad faith. But on the most salient factor, Garraway fails to demonstrate that his reasons for not filing his notice of appeal, all of which were in Garraway's or his lawyer's control, support a finding of excusable neglect.

Garraway first claims that his post-judgment attorney-client relationship was uncertain, which caused him to miss the filing deadline. According to Garraway's lawyer, she needed to discuss the merits of an appeal with Garraway and determine whether her firm would represent him before the Second Circuit. (Declaration of Amy C. Chambers ("Chambers Decl."), Docket No. 148-2, ¶ 3.) Counsel claims that restrictions placed on Garraway's access to a telephone by the correctional facility delayed this process. Id.

But evidence submitted by Defendants shows that counsel spoke to Garraway on January 30 (the day this Court dismissed the action), February 3, and March 6, 2020. (Declaration of Nicholas Labbate ("Labbate Decl."), Docket No. 149-1, ¶ 4.) This demonstrates an attorney-client relationship throughout the appeal period, and no explanation is provided for why Garraway and his lawyer could not determine whether to file the single-page notice of appeal required under the rule during any one of these conversations. See Fed. R. App. P. 3 (c) and Form 1 in the Appendix of Forms. Moreover, counsel continued to litigate and act on Garraway's behalf during the appeal period, filing a response to Defendants' Bill of Costs on March 2, 2020. (Docket No. 145.) Consequently, this Court finds no excusable neglect on this ground.

Garraway next contends that his lawyer had difficulty communicating with him because of his incarceration. Again, counsel claims that correctional facility restrictions on Garraway's use of the telephone—30-minute calls once every 30 days—prevented the timely filing of the notice of appeal. As set forth above, however, counsel and Garraway spoke at least three times during the appeal period, and no explanation is provided for why this access, even if it could be deemed limited, prevented the timely filing of a notice

5

of appeal. Accordingly, this reason also does not give rise to excusable neglect.

Finally, Garraway's counsel maintains that she contracted shingles at the end of February 2020 and as a result was on medication that caused drowsiness. (Chambers Decl., ¶ 4.) This condition caused her to be quarantined between March 2 and 6, 2020. (Id. ¶ 5.) According to counsel, her condition "negatively affected [her] ability to properly coordinate with [her] supervising attorney and proper staff related to filing appeal [sic] to the Second Circuit appeals [sic]." (Id.) Counsel also claims that her office was struggling to adapt to the COVID-19 outbreak. (Id. ¶ 7.)

While this Court has no reason to doubt counsel's illness, she fails to persuasively explain how it prevented her or anyone in her 26-attorney firm from filing a one-page notice of appeal on Garraway's behalf. Counsel's quarantine did not begin until 21 days into the 30-day appeal period, and she has made no showing that her condition, while serious, was so dire that it prevented her from communicating with her firm to arrange for the timely filing of the notice of appeal. In fact, counsel filed her response to Defendants' Bill of Particulars on the same day she began her quarantine, and she later spoke to Garraway on the final day of her quarantine, thereby demonstrating her ability to function during that time. The excusable neglect standard is therefore not met. See Lehr Const. Corp. v. Flaxer, 16-cv-4048 (AJN), 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) ("Illness or disability alone does not constitute excusable neglect.")

Accordingly, for the reasons stated above, Garraway's Motion for Extension of Time to File Notice of Appeal is denied. (Docket No. 148.)

IT HEREBY IS ORDERED, that Plaintiff's Motion for Extension of Time to File Notice of Appeal (Docket No. 148) is DENIED.

SO ORDERED.


Dated: April 2, 2020
       Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge