UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK GARRAWAY,

    v.                              **DECISION AND ORDER**
                                           12-CV-924S
SHARON SMITH, ET AL.,

                        Defendants.
_____

On January 30, 2020, shortly before the start of trial, this Court granted Defendants' motion to dismiss Plaintiff's Eighth Amendment conditions-of-confinement claims for failure to exhaust administrative remedies. (Docket No. 142.) Not long after, on February 10, 2020, Defendants filed their Bill of Costs seeking $744.85 for transcripts and $673 for copies, for total costs of $1,417.85. (Docket Nos. 144, 146.) Plaintiff opposes the Bill of Costs on several grounds. (Docket No. 145.) For the following reasons, Defendants' Bill of Cost will be granted.

Costs are governed by Rule 54 (d)(1) of the Federal Rules of Civil Procedure, which provides that costs, other than attorney's fees, should be allowed to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." See Marx v. Gen. Revenue Corp., 568 U.S. 371, 377, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (2013) (noting that Rule 54 "codifies a venerable presumption that prevailing parties are entitled to costs").

Taxable costs are set forth in 28 U.S.C. § 1920. Those costs include, as relevant here, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials

1

where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920 (2) and (4).

An award of costs to the prevailing party is the norm, unless the losing party demonstrates that costs should not be taxed. See Mercy v. Suffolk Cty., N.Y., 748 F.2d 52, 54 (2d Cir. 1984) ("The award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception."); Nicholson v. Fischer, NO. 13-CV-6072, 2018 WL 6616333, at *1 (W.D.N.Y. Dec. 18, 2018) (noting that the losing party carries the burden of demonstrating that costs should not be imposed). For example, costs may be denied based on "(1) misconduct by the prevailing party; (2) the public importance of the case; (3) the difficulty of the issues; or (4) the losing party's limited financial resources." Peterkin v. Summers, 17-CV-6106G, 2020 WL 4432079, at *1 (W.D.N.Y. July 31, 2020) (citation omitted). In the end, the decision to award costs falls within the court's discretion. See Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, (2d Cir. 2014).

Here, Defendants seek costs authorized by § 1920 and have substantiated their claims with sufficient documentation. (Docket No. 144.) Plaintiff does not contest the amount or recoverability of the costs, but rather, argues that costs should not be taxed because (1) he was granted *in forma pauperis* status, (2) he is indigent and cannot afford to pay costs, (3) he brought this action in good faith, and (4) the imposition of costs would chill future prisoner civil rights litigation. (Docket No. 145.) None of Plaintiff's arguments have merit.

Plaintiff first argues that costs should not be taxed because he was granted *in forma pauperis* status and appointed *pro bono* counsel. But *in formal pauperis* status alone does not automatically preclude the imposition of costs. See Bausano v. Annucci, 16-CV-6544G, 2020 WL 3447780, at *2 (W.D.N.Y. June 24, 2020). The *in forma pauperis* statute itself provides that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings" and specifically contemplates the payment of costs by prisoners. 28 U.S.C. § 1915 (f). Plaintiff's *in forma pauperis* status alone is therefore not cause to deny costs.

Second, Plaintiff argues that he is an indigent prisoner who is unable to pay costs. He claims to have limited resources and limited opportunities to work in prison. (Docket No. 145.) But an accounting of Plaintiff's inmate account from March 9, 2020, reveals a balance of $3,161.40, well in excess of the costs sought. (Declaration of Megan Higgins, Docket No. 146-1, ¶ 4.) Plaintiff has therefore not demonstrated indigency to such an extent that he has an inability to pay costs. Cf. Nicholson, 2018 WL 6616333, at *2 (denying costs where "Plaintiff's situation goes beyond mere indigency, and the imposition of costs would 'constitute[ ] a severe financial hardship on someone who is already financially destitute.'") (citing Wisniewski v. Claflin, No. CV 05-4956, 2008 WL 11412045, at *1 (E.D.N.Y. Dec. 10, 2008)).

Next, Plaintiff argues that costs should be denied because he brought his claims in good faith. Good faith, however, is not a basis to deny costs. See Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001) ("'good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs"), abrogated on other grounds by

3

Bruce v. Samuels, __ U.S. __, 136 S. Ct. 627, 193 L. Ed. 2d 496 (2016); see also AeroTech, Inc. v. Estes, 110 F.3d 1523, 1527 (10th Cir. 1997) (finding that a denial of costs is not warranted simply because a lawsuit was not brought in bad faith, since "[a]ll parties to a federal action have an obligation to act in good faith and with proper purpose").

Finally, Plaintiff argues that an award of costs would chill prisoner civil rights litigation. This deterrence argument, however, has been found to lack merit: "Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." Nicholas v. Tucker, 114 F.3d 17, 21 (2d Cir. 1997) (quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). This argument is therefore unpersuasive.

Accordingly, for the reasons stated above, this Court finds that Plaintiff has failed to demonstrate that the requested costs should not be taxed against him. Defendants' motion will therefore be granted, and $1,417.85 in costs will be awarded.

IT HEREBY IS ORDERED, that Defendants' Bill of Costs (Docket No. 144) is GRANTED.

FURTHER, that Defendants are awarded $1,417.85 in costs.

4

FURTHER, that the Clerk of Court is directed to enter an amended judgment to include the award of costs herein.

SO ORDERED.

Dated: August 10, 2020
        Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge